**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS CLAXTON, | |
| Plaintiff, | |
| v. | No. 13 C 2686 |
| OFFICER BYRNE (Star # 5304), OFFICER BOLTON (Star # 3289) and OFFICER SKARUPINSKI (5th District), | Judge Thomas M. Durkin |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Nicholas Claxton filed a pro se complaint against Chicago police officers Joseph Byrne, Richard Bolton, and Chris Skarupinski alleging that the Officers arrested him in violation of the Fourth Amendment and state law. R. 5. The Officers have moved to dismiss both claims pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Claxton's false arrest claim pursuant to 42 U.S.C. § 1983 is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and Claxton's state law malicious prosecution claim is barred by the statute of limitations. R. 14. Claxton concedes that his malicious prosecution claim is time-barred, R. 22 at 5, and thus, the Court grants the Officers' motion to dismiss with respect to Claxton's malicious prosecution claim. For the following reasons, the Court also grants the Officers' motion with respect to the false arrest claim.

## Background

The following facts, drawn from the complaint, are accepted as true, and all reasonable inferences are drawn in Claxton's favor. *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013).

On September 21, 2011, the Officers responded to a "shots fired" call. R. 5 at 4. When the Officers arrived at the scene, Claxton and four of his friends were walking out of an alley. *Id*. The Officers stopped Claxton and his friends and questioned them for two hours. *Id*. The Officers also recovered a .22 caliber rifle in a wooded area about 250 yards from where they encountered Claxton and his friends. *Id*. The Officers arrested Claxton but released his friends. *Id*.

Claxton alleges that the Officers did not perform a gunshot residue test or locate any gun shells prior to arresting him. *Id*. The Officers stated they were going to ensure Claxton "went down for this charge" and made various statements on how they could get the charges to "stick" to him. *Id*. At the police station, the Officers "made a verbal pact . . . to make up allegations that they found shells on the scene, [t]hat the weapon was fully loaded, [and] that [Claxton] was running from them" at the time they arrived on the scene. *Id*. at 4-5. Claxton also alleges that the Officers "made a false statement on [Claxton's] behalf without a lawyer" present and they "manipulated the laws to have him charged . . . without any actual evidence." *Id*. at 5.

Claxton was charged with two counts of felony aggravated unlawful use of a weapon under 720 ILCS 5/24-1.6(a)(1) and (a)(2), *see* R. 14-1 Ex. B, which makes it a

crime for a person to carry a concealed firearm on him or herself, or on "any public street, alley, or other public lands." He was also charged with one count of felony reckless discharge of a firearm pursuant to 720 ILCS 5/24-1.5(a), *see* R. 14-1 Ex. B, which criminalizes the discharge of a firearm in a "reckless manner which endangers the bodily safety of an individual." On March 21, 2012, Claxton was convicted on the two counts of felony aggravated unlawful use of a weapon, but the court directed a verdict in Claxton's favor on the reckless discharge of a firearm charge. *See* R. 14-1 Ex. B.

Claxton filed post-conviction motions to reconsider and vacate the verdict against him and for a new trial. R. 27 at 1. The court denied those motions at sentencing on May 25, 2012. *Id.* Claxton did not file a notice of appeal within the 30 days required by Illinois Supreme Court Rule 606(b), and did not move for an extension of time to file a notice of appeal within the six months required by Illinois Supreme Court Rule 606(c). *Id.* Nevertheless, it may be possible for Claxton to seek permission to appeal by invoking an exception to Rule 606. *See, e.g., People v. Ross*, 891 N.E.2d 865, 876 (Ill. 2008). Claxton informed his counsel on this motion that he drafted a pro se appeal and sent it to be filed on October 18, 2013. R. 27 at 2.

Claxton filed this action on April 10, 2013. *See* R. 1.

**Legal Standard**

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim

3

showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This "standard demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann*, 707 F.3d at 877 (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts as true all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

Complaints filed by pro se plaintiffs are held to "'a less stringent standard than formal pleadings drafted by lawyers.'" *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013) (quoting *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)). Because pro se plaintiffs do not have the benefit of legal expertise, courts are to ensure that their claims are given "fair and meaningful consideration." *Philos Tech., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 858 (7th Cir. 2011) (internal quotation marks and citation omitted). This is especially true for cases that

4

implicate *Heck* because "pro se prisoners are often tripped up by *Heck's* complexities." *Navejar v. Iyiola*, 718 F.3d 692, 697 (7th Cir. 2013).[1]

## Analysis

The Officers argue that Claxton's false arrest claim is barred by the rule in *Heck* that a complaint must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." 512 U.S. at 487. Claxton contends that his false arrest allegation is not barred by *Heck* because he is not here challenging the validity of his conviction; rather, he is contesting whether the Officers had probable cause to arrest him on September 21, 2011. R. 22 at 3.

The *Heck* doctrine is rooted in the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *VanGilder v. Baker*, 435 F.3d 689, 691 (7th Cir. 2006) (citing *Heck*, 512 U.S. at 484)). Nevertheless, "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487 (emphasis in original). Thus, a district court "must analyze the relationship between the plaintiff's § 1983 claim and the charge on which he was convicted." *VanGilder*, 435 F.3d at 691. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if

---

[1] The Court will liberally construe Claxton's complaint, even though he now has the benefit of legal counsel on this motion. The Officers have not objected, and, in any event, giving Claxton the benefit of the doubt does not save his claims.

he makes *allegations* that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (emphasis added).

*Heck* does not *per se* prohibit plaintiffs from bringing § 1983 false arrest claims, as "a wrongful arrest claim, like a number of other Fourth Amendment claims, does not inevitably undermine a conviction." *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996). Nevertheless, *Heck* serves as a bar to false arrest claims if "specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006).

Claxton's allegations "imply the invalidity" of his conviction. *Heck*, 512 U.S. at 487. Claxton was convicted of carrying a loaded firearm in public, but he alleges that the gun was found 250 yards away from where the Officers encountered him and that the Officers lied when they said that they found shells on the scene and that the weapon was fully loaded. By alleging that the officers lied and fabricated the evidence that he was carrying a loaded firearm, Claxton necessarily alleges that he was not carrying a loaded firearm in public. The truth of the Officers' testimony would have been tested during trial, thus, such allegations amount to a claim that he is innocent of the crime for which he was convicted. *See Okoro*, 324 F.3d at 490 ("[Plaintiff] adhered steadfastly to his position that there were no drugs, that he was framed; in so arguing he was making a collateral attack on his conviction, and *Heck* holds that he may not do that in a civil suit . . . .").

6

Furthermore, in *Heck*, the Supreme Court noted that a false arrest claim "would not necessarily imply that the plaintiff's conviction was unlawful," because doctrines like independent source, inevitable discovery, and harmless error could serve to admit evidence that officers otherwise obtained in violation of the Fourth Amendment. *Heck*, 512 U.S. at 487 n.7; *accord Simpson v. Rowan,* 73 F.3d 134, 136 (7th Cir. 1995). Here, by contrast, Claxton does not challenge the means by which the Officers obtained the evidence against him. Rather, he claims that the Officers fabricated the evidence entirely. These allegations strike at the heart of Claxton's conviction, not simply the Officers' conduct. Therefore, Claxton's false arrest claim is dismissed.

The cases Claxton cites holding that allegations of false arrest do not imply the invalidity the plaintiffs' convictions are consistent with the Court's determination here. Those cases involved allegations of police misconduct in the means the police used to obtain evidence or search the plaintiffs. Unlike Claxton, the plaintiffs in those cases did not deny the facts that supported the plaintiffs' criminal convictions.

For instance, in *Jones v. Navia*, 2010 WL 4878869 (N.D. Ill. Nov. 23, 2010), the plaintiff was convicted of crimes involving a stolen car. The plaintiff alleged that, contrary to the their testimony, the defendant officers had not received an alert from other officers that the car the plaintiff was driving was stolen, and, thus, the officers did not have probable cause to stop him. The defendant officers' asserted basis for probable cause was information they received from other police officers,

not evidence that formed the basis for the plaintiff's conviction. By contrast, here, the Officers' basis for probable cause to arrest Claxton—the presence of a loaded gun—was also the basis for Claxton's conviction.

Similarly, in *Foulks v. Emery*, 2005 WL 2922365 (S.D. Ill. Nov. 4, 2005), the plaintiff pled guilty to crimes pertaining to an altercation with a police officer that occurred after the defendant officer had entered the plaintiff's home. The plaintiff alleged that the defendant officer did not have probable cause to enter his home. Whatever the defendant officer's asserted justification for entering the house, it could not have served as evidence that the plaintiff had assaulted the officer. *See also Pettiford v. City of Chicago*, 2003 WL 21696194 (N.D. Ill. July 18, 2003) (plaintiff convicted of drug possession could challenge defendant officers' justification for entering his apartment without implying the invalidity of his conviction). These cases do not support Claxton's claim.

## Conclusion

For the foregoing reasons, the Officers' motion to dismiss, R. 14, is granted without prejudice. This dismissal will become a dismissal with prejudice on April 24, 2014, unless Claxton demonstrates to the Court that he has filed an appeal to challenge his conviction by that date.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: October 24, 2013